UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IDA WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:24-cv-11328-JEK |
| STEPHANIE CHAU; CHRISTOPHER NORRIS; KEVIN COLLINS; TATIANA SANCHEZ; NOBLE WILLIAMS; SELENA MALDONADO; AKRA PAIN; SARAH SCOTT; FRANK DESOURCES; GERARD CODY; FLACKS DUNNY; JOHANNA G. FLACKS; and METRO HOUSING BOSTON, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON THE MOTIONS FOR JUDGMENT
ON THE PLEADINGS OF DEFENDANT STEPHANIE CHAU AND
DEFENDANTS GERARD CODY AND SELENA MALDONADO**

**KOBICK, J.**

Plaintiff Ida Watkins, proceeding *pro se*, brought this action alleging that the defendants violated her rights under the Americans with Disabilities Act ("ADA") and other federal and state laws by discriminating against her based on her disability and retaliating against her for lodging complaints about her living conditions. The complaint also alleges that the defendants acted with deliberate indifference to her serious medical needs in violation of the Eighth Amendment. Pending before the Court are two motions for judgment on the pleadings: one filed by defendant Stephanie Chau, Watkins' landlord, and the other by defendants Gerard Cody and Selena Maldonado, both of whom are public health employees of the Town of Randolph.

For the reasons that follow, Cody and Maldonado's motion will be granted, while Chau's motion will be granted in part and denied in part. Watkins' Eighth Amendment and ADA claims will be dismissed against these three defendants for failure to state a claim. Her other claims against Chau, however, alleging disability discrimination pursuant to the Fair Housing Amendments Act, and retaliation under the Fair Housing Act and M.G.L. c. 186, § 18, may proceed to discovery.

## BACKGROUND

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court accepts as true all well-pleaded facts in the complaint and documents incorporated by reference therein, with all reasonable inferences drawn in Watkins' favor. *Doe v. Brown Univ.*, 896 F.3d 127, 130 (1st Cir. 2018).

On September 1, 2023, Watkins moved to 13 Short Street in Randolph, Massachusetts on a "Section 8" voucher. ECF 1, ¶¶ 1, 23.[1] Chau is the owner of that property and Watkins' landlord. *Id.* ¶¶ 9, 25; ECF 13-1, ¶¶ 9, 25. Soon after moving in, Watkins noticed that the apartment allegedly lacked adequate heating, was infested with mice and various insects, and had defective hardwood floors and a ceiling leak. ECF 1, ¶ 26. Watkins complained to Chau, as well as Cody and Maldonado, who are both employees of the Town of Randolph's Health Department, about these poor living conditions. *Id.* at 1 and ¶¶ 14, 27-28, 39, 46; ECF 13-1, ¶ 27; ECF 14, ¶ 28; ECF 15, ¶¶ 14, 28.[2] The defendants failed to timely remedy the situation. ECF 1, ¶¶ 28-29, 46.

---

[1] Under the Section 8 Federal Housing Choice Voucher Program, the United States Department of Housing and Urban Development "provides housing assistance funding to state and local public housing authorities, which in turn administer the Program at the local level by making rent subsidy payments to landlords on behalf of participating tenants." *DeCambre v. Brookline Hous. Auth.*, 826 F.3d 1, 4 (1st Cir. 2016) (citing 24 C.F.R. § 982.1(a)(1)-(2)).

[2] The complaint properly identifies Cody as an employee of Randolph's "Board of Health" in the case caption but incorrectly states elsewhere that he is employed by Metro Housing Boston. *Compare* ECF 1, at 1, *with id.* ¶ 18; *see* ECF 77, at 1-2 n.1; ECF 14, ¶ 18.

On January 9, 2024, Watkins informed the defendants that she intended to file a lawsuit to address her "unsafe living conditions" and their "discrimination" and "failure to make necessary repairs." *Id.* at 11. That same day, she also requested, based on her doctor's recommendation, that Chau install a shower bar due to her physical disabilities. *Id.* ¶¶ 30, 33-34; ECF 58-1, at 7; ECF 13-1, ¶ 33. The shower bar was not installed in the apartment until late April 2024. ECF 1, ¶ 1. On May 14, 2024, Metro Housing Boston ("MHB") sent Watkins a notice stating that it was "terminating [her] participation in the Housing Choice Voucher Program (Section 8)," effective July 1, 2024, because she "used abusive and threatening language toward [MHB] staff," in violation of 24 C.F.R. § 982.552(c)(1)(viii). ECF 33, Ex. 2, at 1 (emphasis omitted).

Watkins filed this action on May 20, 2024. ECF 1. She asserts three claims: (1) deliberate indifference to her serious medical needs, in violation of the Eighth Amendment, *id.* ¶¶ 48-58; (2) disability discrimination, *id.* ¶¶ 59-66; and (3) retaliation against her for lodging complaints about her housing conditions and threatening to take legal action, *id.* at 11-12. She seeks injunctive relief, as well as compensatory and punitive damages. *Id.* at 12-13. In November 2024, Chau moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF 57. Cody and Maldonado filed their Rule 12(c) motion in December 2024. ECF 76. Watkins has opposed both motions. ECF 69, 78.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) "is treated much like a Rule 12(b)(6) motion to dismiss." *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). Accordingly, "'the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable

3

inferences therefrom.'" *Id.* (quoting *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006)). Precisely because a Rule 12(c) motion seeks "an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988). "[T]o survive a 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Pérez-Acevedo*, 520 F.3d at 29 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

## DISCUSSION

### I.     Eighth Amendment Claim.

Watkins first asserts that the defendants violated her Eighth Amendment rights by acting with "deliberate indifference to [her] serious medical needs." ECF 1, ¶¶ 48-58. She specifically alleges that Chau failed "to provide [her] with a shower bar in a timely manner, ADA accessible accommodations, and the necessary repairs on the home." *Id.* ¶ 54. She also alleges that Cody and Maldonado, among others, failed "to report [her] complaints to the board of health and to [MHB] in a timely manner." *Id.* ¶ 51.

Watkins cannot sue Chau, Cody, or Maldonado directly under the Constitution. Instead, she must rely on 42 U.S.C. § 1983, which "furnishes a private right of action against any person who, while acting under color of state law, deprives another (or causes another to be deprived) of rights secured either by the Constitution or by federal law." *Cruz-Arce v. Mgmt. Admin. Servs. Corp.*, 19 F.4th 538, 543 (1st Cir. 2021). "To make out a section 1983 claim, a plaintiff must allege facts sufficient to show that the defendants acted under color of state law and caused the deprivation of federal rights." *Id.* Section 1983 "does not apply to 'merely private conduct, no

4

matter how discriminatory or wrongful.'" *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Since no party raises this issue, the Court assumes, favorably to Watkins, that the complaint asserts a section 1983 claim by invoking the Eighth Amendment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]" (quotation marks omitted)). The Court also assumes, in Watkin's favor, that this claim is raised against Cody and Maldonado in their "individual . . . capacities" while serving as Randolph employees, ECF 1, ¶ 21; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"), and that Chau's conduct as a private landlord is "'fairly attributable to the State'" because of MHB's alleged involvement, *Cruz-Arce*, 19 F.4th at 543 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *see* ECF 1, ¶¶ 50, 56 (alleging that MHB and its agents "empowered Defendant Chau to ignore [its] orders" and "fail[ed] . . . to properly train" her).

Watkins fails, nonetheless, to state an Eighth Amendment claim against these three defendants. The Eighth Amendment prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, and "applies to state action through the Fourteenth Amendment," *Giroux v. Somerset Cnty.*, 178 F.3d 28, 32 n.7 (1st Cir. 1999). The Amendment's cruel-and-unusual-punishments clause "'has always been considered . . . to be directed at the method or kind of punishment' a government may 'impos[e] for the violation of criminal statutes.'" *City of Grants Pass v. Johnson*, 603 U.S. 520, 542 (2024) (quoting *Powell v. Texas*, 392 U.S. 514, 531-532 (1968) (plurality opinion)). It "focuses on the question what 'method or kind of punishment' a government may impose after a criminal conviction," *id.* (quoting *Powell*, 392 U.S. at 531-32), and thus "applies 'only after the State has complied with the constitutional guarantees traditionally associated with

5

criminal prosecutions,'" *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199 n.6 (1989) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72, n.40 (1977)). The complaint does not allege that Watkins has been criminally convicted or incarcerated. Accordingly, she fails to plead a violation of the Eighth Amendment, and her claim against Chau, Cody, and Maldonado must be dismissed. *See Plustache v. Harrison*, No. 22-30110, 2023 WL 3197043, at *2 (5th Cir. May 2, 2023) (affirming dismissal of Eighth Amendment claim where plaintiff "does not allege that he had been convicted of a crime and thus subject to the Eighth Amendment's prohibition of cruel and unusual punishment"); *Peynado v. Ellis*, No. 11-cv-1103, 2012 WL 1004917, at *2 (M.D. Pa. Mar. 23, 2012) (dismissing constitutional claim because "[t]he Eighth Amendment protects convicted prisoners, not tenants" (citation omitted)).

## II. Disability Discrimination Claims.

Watkins next asserts that the defendants discriminated against her based on her disability by failing to timely provide her with a shower bar and other accessibility accommodations. ECF 1, ¶¶ 59-66. Because she invokes different provisions of the ADA for her discrimination claim against Chau (Title III) versus Cody and Maldonado (Title II), the Court analyzes these claims separately.

### A. Defendant Chau.

Watkins identifies Title III of the ADA, 42 U.S.C. §§ 12181-89, as the basis for her claim of disability discrimination against Chau. *Id.* at 8 & ¶ 68; ECF 69, at 1. Title III of the ADA "prohibit[s] disability discrimination in places of public accommodation." *G. v. Fay Sch.*, 931 F.3d 1, 7 (1st Cir. 2019). In particular, the statute provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person

6

who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Public accommodation[s]" are defined as "private entities" whose operations "affect commerce" and fall within one of twelve categories, including "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor." *Id.* § 12181(7)(A). Thus, to state a claim under Title III, Watkins must allege that (1) she has a valid disability; (2) Chau owns, leases, or operates a place of public accommodation; and (3) Chau discriminated against her within the meaning of the ADA. *J.S.H. v. Newton*, 654 F. Supp. 3d 7, 17 (D. Mass. 2023); *see also Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304, 307 (1st Cir. 2003).

Chau assumes, for purposes of this motion, that Watkins qualifies as disabled under the ADA. ECF 58, at 10; *see* ECF 1, ¶¶ 60-61. The complaint fails to adequately allege, however, that Chau's admitted "home" or "residence" in Randolph, Massachusetts, which Watkins rents, is a place of public accommodation. ECF 13-1, ¶¶ 8-9, 25; ECF 1, ¶¶ 8-9, 25. While it is unclear from the pleadings if Chau lives there as well or whether the property has more than five rooms for rent, *see* 42 U.S.C. § 12181(7)(A), the complaint makes clear that Watkins' lease is longer than thirty days, because she has lived in the apartment since September 1, 2023, ECF 1, ¶¶ 1, 23. This is important because Title III's implementing regulations define "place of lodging" under the ADA to include, contrary to the facts here, a "facility that . . . [p]rovides guest rooms for sleeping for stays that primarily are short-term in nature (generally 30 days or less) where the occupant does not have the right to return to a specific room or unit after the conclusion of his or her stay." 28 C.F.R. § 36.104. Courts have also repeatedly held that residential apartments, such as the one in which Watkins lives, are not covered by Title III. *See Regents of Mercersburg Coll. v. Republic*

*Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006) ("[R]esidential facilities such as apartments and condominiums are . . . not subject to ADA compliance."); *Rivera v. Mora Dev. Corp.*, 624 F. Supp. 3d 80, 88 (D.P.R. 2022) (collecting cases). Nor does Watkins' receipt of a Section 8 voucher transform her residential apartment into a place of public accommodation. ECF 1, ¶ 1; *see Kris v. Dusseault Fam. Revocable Tr.*, No. 18-cv-566-LM, 2018 WL 4031342, at *5 (D.N.H. Aug. 6, 2018); *Blitz v. BLDG Mgmt. Co.*, No. 20-cv-5462-RA, 2023 WL 6162295, at *6 (S.D.N.Y. Sept. 21, 2023) (collecting cases). Because Watkins fails to state an ADA claim against Chau, as a private landlord, her claim under Title III of the ADA will be dismissed.

Construed liberally, however, the complaint also raises a disability discrimination claim against Chau under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631, as amended by the Fair Housing Amendments Act of 1988 ("FHAA"). *See Erickson*, 551 U.S. at 94.[3] The FHAA provides, in relevant part, that it is unlawful "[t]o discriminate against any person . . . in the provision of services or facilities in connection with [a] dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(2)(A). Under the FHAA, "discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). "To prevail on such a reasonable accommodation claim, a plaintiff must show a qualifying handicap, the defendant's actual or constructive knowledge of that

---

[3] Despite the overt references to the ADA, the claim clearly alleges disability discrimination in Watkins' rental apartment. ECF 1, ¶¶ 59-66; *see Martin v. PGA Tour, Inc.*, 204 F.3d 994, 998 (9th Cir. 2000) ("The non-public residential wing . . . would be covered by the Fair Housing Act," while "[t]he hotel wing . . . would fall under" Title III of the ADA.), *aff'd*, 532 U.S. 661 (2001); *Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, No. 13-cv-7038-PKC, 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014) (Although "the ADA does not apply to private landlords, even if the premises are used for publicly subsidized housing . . . , the FHA's provisions apply to private landlords."). The complaint also explicitly refers to the FHA in the retaliation claim. ECF 1, at 12.

handicap, a request for a specific accommodation that is both reasonable and necessary to allow the handicapped individual an equal opportunity to use and enjoy the particular housing, and the defendant's refusal to make the requested accommodation." *Summers v. City of Fitchburg*, 940 F.3d 133, 139 (1st Cir. 2019).

The complaint plausibly alleges each of these four elements. First, for purposes of this motion, Chau concedes that Watkins is handicapped. ECF 58, at 10; *see* ECF 1, ¶¶ 60-61. Second, Chau knew that Watkins was disabled, at least as of January 2024, when Watkins requested, per her doctor's recommendation, that Chau install a shower bar because of her physical disabilities. ECF 1, ¶¶ 33-34, 65. Third, beyond the shower bar, Watkins also requested other "ADA accessible accommodations," including fixing the uneven floors and inadequate lighting. *Id.* ¶¶ 1, 28, 38, 47. Fourth and finally, Chau allegedly refused to honor Watkins' requests outright or in a timely manner. *Id.* ¶ 62. If, as the complaint implies, the shower bar was installed in April 2024, Chau's alleged four-month delay in responding to Watkin's request for that accommodation may amount to a denial for purposes of the FHAA. *Id.* ¶ 1; *see Rivera*, 624 F. Supp. 3d at 90 (collecting cases); *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urb. Dev.*, 620 F.3d 62, 68 (1st Cir. 2010) (condominium association's one-year delay in granting a request for handicapped parking spaces constituted denial). In any event, the complaint further alleges that Chau has entirely failed to address Watkins' other requests to repair the floors and lighting in her apartment. Accordingly, Watkins sufficiently states an FHAA claim for disability discrimination against Chau.

B. <u>Defendants Cody and Maldonado.</u>

Watkins identifies Title II of the ADA as the basis for her disability discrimination claim against Cody and Maldonado. ECF 1, ¶ 22; ECF 78, at 4. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

9

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute, in turn, defines "public entity" to include "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id.* § 12131(1)(A)-(B).

The complaint alleges that all defendants "are being sued in their individual and official capacities." ECF 1, ¶ 21. Because an individual is not a "public entity," neither Cody nor Maldonado can be held personally liable under Title II. *Wiesman v. Hill*, 629 F. Supp. 2d 106, 111 (D. Mass. 2009); *see Kiman v. N.H. Dept. of Corrs.*, 451 F.3d 274, 290 (1st Cir. 2006) (observing that other circuits have found Title II inapplicable to individual conduct). They can, however, be sued in their official capacities as employees of the Randolph Health Department because "a suit against an officer in the officer's official capacity constitutes a suit against the governmental entity which the officer heads." *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1259 (1st Cir. 1993). Thus, to state a claim under Title II against, in effect, the Randolph Health Department, Watkins must allege that "(1) [s]he is a 'qualified individual with a disability'; (2) [s]he was 'excluded from participation in, or denied the benefits of [its] services, programs, or activities or was otherwise discriminated against'; and (3) this exclusion, denial of benefits, or discrimination was 'by reason of [her] disability.'" *Sosa v. Massachusetts Dep't of Correction*, 80 F.4th 15, 30 (1st Cir. 2023) (citations omitted).

Cody and Maldonado likewise assume, for purposes of this motion, that Watkins qualifies as disabled under the ADA. ECF 77, at 4 n.2; *see* ECF 1, ¶¶ 60-61. The complaint fails to plausibly allege, however, that the Randolph Health Department discriminated against Watkins by reason of her disability. This claim alleges that Chau, MHB, and its agents discriminated against Watkins

10

"by failing to provider [her] with a shower bar and other home repairs in a timely manner." ECF 1, ¶ 62. Noticeably absent from this reasonable accommodation claim, which Watkins also seeks to advance against Cody and Maldonado, is a single factual allegation against either of them. *See* ECF 78, at 1-2. While Watkins alleges that they were "aware of [her] physical disabilities," she has not further alleged that Cody or Maldonado committed an act of discrimination against her. ECF 1, ¶ 65. Indeed, her only allegation specifically attributed to Cody and Maldonado is that they failed "to report [her] complaints to the board of health and to [MHB] in a timely manner." *Id.* ¶ 51.[4] But Watkins does not allege that their failure to timely report her complaints was because of her disability. Nor does she allege that they, along with the other defendants, "refused . . . to take action" to remedy "violation[s] of the Board of Health standards" due to her disability. *Id.* ¶ 39. This omission is fatal. *See Bush v. Fantasia*, No. 21-cv-11794-ADB, 2022 WL 4134501, at *9 (D. Mass. Sept. 12, 2022), *aff'd*, No. 22-1755, 2024 WL 4234950 (1st Cir. Apr. 18, 2024) (dismissing Title II ADA claim where plaintiffs "plead[ed] no facts that plausibly suggest that they were excluded from the Library or otherwise discriminated against by reason of [their] disability").

Since Watkins fails to state an ADA claim against Cody and Maldonado, this claim against them will be dismissed. And even if the complaint were similarly construed liberally to assert an FHAA claim against these two defendants, that claim would fail because Watkins does not allege that either defendant, unlike Chau, refused to grant her request for a reasonable accommodation. *See Summers*, 940 F.3d at 139.

---

[4] Even though this allegation is nested under the Eighth Amendment claim, it is accepted as true at this stage because it is a factual allegation, not a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 82 (1st Cir. 2013) ("The critical question is whether the claim, viewed holistically, is made plausible by the cumulative effect of the factual allegations contained in the complaint." (quoting marks omitted)).

11

### III. Retaliation Claims.

Watkins further asserts that Chau and defendant Christopher Norris, MHB's director, retaliated against her for threatening and pursuing legal action after they failed to address her housing complaints. ECF 1, at 11-12.[5] In her opposition brief, Watkins bases this claim of retaliation solely on 42 U.S.C. § 12203(a) of the ADA. ECF 69, at 2. That provision states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). This provision, however, only "protects individuals who exercise their rights under Titles I, II, or III [of the ADA] from retaliation." *Fay Sch.*, 931 F.3d at 9; *see* 42 U.S.C. § 12203(c). A claim of retaliation under the ADA "thus must allege conduct protected under one of those . . . titles, and a retaliatory response to that protected conduct." *Fay Sch.*, 931 F.3d at 9. Watkins fails to allege a violation of Title II or III of the ADA, which again, as explained, precludes individual liability. *See Wiesman*, 629 F. Supp. 2d at 111.[6]

The complaint alleges more broadly, however, that her "right to pursue legal action without fear of retaliation is protected under . . . state and federal laws and regulations," such as "the Fair Housing Act" and "state landlord-tenant laws." ECF 1, at 12. Liberally construed, the complaint sufficiently states a claim of retaliation under the FHA. *See* ECF 58, at 12. In addition to prohibiting discrimination, the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any

---

[5] It is undisputed that the complaint does not raise a claim of retaliation against either Cody or Maldonado. And while the only relief sought for this claim appears to be an injunction targeted solely at MHB and Norris, the Court assumes that Watkins also seeks relief against Chau. *See* ECF 1, at 12-13; ECF 69, at 2.

[6] She also fails to plead a violation of Title I, which "protects 'qualified individual[s] with . . . disabilit[ies]' from discrimination in employment," because this is a housing, not employment, case. *Fay Sch.*, 931 F.3d at 8 (quoting 42 U.S.C. § 12112).

person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, . . . any right granted or protected by [the FHA]." 42 U.S.C. § 3617. To sustain an FHA claim of retaliation, Watkins must allege that (1) she engaged in protected activity; (2) Chau subjected her to an adverse action; and (3) a causal connection exists between the protected conduct and the adverse action. *Saint Pierre v. NFG Hous. Partners LP*, No. 21-cv-300-GZS, 2023 WL 6378029, at *8 (D. Me. Sept. 29, 2023); *see also Lath v. Vallee*, No. 18-2092, 2019 WL 10745175, at *1 (1st Cir. Sept. 11, 2019).

All three elements are plausibly alleged. Watkins sought reasonable accommodations from Chau, which constitutes protected conduct under the FHA. *See Kris v. Dusseault Fam. Revocable Tr.*, 594 F. Supp. 3d 333, 341 (D.N.H. 2022) ("Protected activity can include requesting a reasonable accommodation[.]"). In early January 2024, Watkins also informed all defendants that she intended to file a lawsuit because of their "failure to make necessary repairs" and "discrimination." ECF 1, at 11; *see Kris*, 594 F. Supp. 3d at 341 ("protesting discriminatory housing practices" is protected). The defendants, including Chau, in turn "threatened adverse actions" and ultimately terminated Watkins from the Section 8 voucher program. ECF 1, at 11-12. Their threats to terminate her from the program, standing alone, could be an adverse action. *See Bloch v. Frischholz*, 587 F.3d 771, 782 (7th Cir. 2009) (landlord's threats to evict, "whether he actually evicts the tenant or not," can be actionable). Following through on those threats, in any case, clearly constitutes an adverse action because Watkins relies on her Section 8 voucher to pay rent. ECF 1, at 12; *see Taylor v. Nat'l Invs., Ltd.*, No. 17-cv-117-WES, 2022 WL 306367, at *6 (D.R.I. Feb. 2, 2022) (defendants' refusal to process plaintiff's recertification paperwork for her Section 8 voucher and filing for eviction were both adverse retaliatory actions); *Kris v. Dusseault Fam. Revocable Tr. of 2017*, No. 18-cv-566-LM, 2019 WL 4647211, at *6 (D.N.H. Sept. 24, 2019)

("Initiation of eviction proceedings is widely considered an 'adverse action' under the FHA.").[7] After Watkins informed the defendants on January 9, 2024 that she planned to take legal action, MHB terminated her Section 8 voucher on May 14, 2024. ECF 1, at 11-12; ECF 33, Ex. 2, at 1. Such a short period of time—just over four months—establishes a "plausible nexus" between Watkins' protected activity and Chau's alleged acts of retaliation. *Lath*, 2019 WL 10745175, at *1; *see Kris*, 2019 WL 4647211, at *7 (A two-month period "between [plaintiff's] protected activity and defendants' adverse action is close enough to suggest a causal connection at the motion to dismiss stage."). Watkins therefore plausibly states a claim of retaliation against Chau under the FHA.

Chau does not address Watkins' FHA retaliation claim in her motion for judgment on the pleadings. Instead, she contends that Watkins fails to state a claim of retaliation under M.G.L. c. 186, § 18—one of the "state landlord-tenant laws" alluded to in Watkins' complaint. ECF 1, at 12. This statute provides, in pertinent part, that "[a]ny person . . . who threatens to or takes reprisals against any tenant of residential premises for the tenant's act of, commencing, . . . any judicial . . . action the purpose of which action is to obtain damages under, or otherwise enforce, any federal, state or local law . . . , which has as its objective the regulation of residential premises . . . ; or reporting to the board of health . . . a violation or a suspected violation of any health or building code . . . shall be liable for damages." M.G.L. c. 186, § 18. It "essentially imposes liability against a landlord who retaliates against a tenant who has taken certain action in respect to a residential tenancy, such as filing a lawsuit to enforce various rights or lodging a complaint with a local board of health." *Grundberg v. Gill*, 56 Mass. App. Ct. 1116 (2002) (Rule 1:28 Decision).

---

[7] While not properly before the Court on this motion for judgment on the pleadings, Chau also asserts in her brief that she has initiated eviction proceedings against Watkins for nonpayment of rent. ECF 58, at 12; *see* ECF 58-1, at 13-16 (fourteen-day notice to quit dated July 15, 2024).

Chau acknowledges that Watkins has done just that by filing this action and reporting alleged sanitary violations to Randolph's Board of Health. ECF 58, at 12 (citing ECF 1, ¶¶ 35-37, 40, 42). Chau also allegedly responded by threatening to terminate, and aiding in the termination of, Watkins' Section 8 voucher, which Watkins relies on to pay rent. ECF 1, at 11-12; *see Stacy v. Zhao*, 2013 Mass. App. Div. 59 (Dist. Ct. 2013) ("[Section] 18 protects tenants not only from retaliation, but from *threatened* retaliation[.]"). Because Chau has allegedly "retaliat[ed] against [Watkins] for engaging in [statutorily] protected activities," the complaint adequately alleges a retaliation claim under M.G.L. c. 186, § 18 as well. *S. Bos. Elderly Residences, Inc. v. Moynahan*, 91 Mass. App. Ct. 455, 468 (2017).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, Cody and Maldonado's motion for judgment on the pleadings, ECF 76, is GRANTED. Chau's motion for judgment on the pleadings, ECF 57, is GRANTED with respect to Watkins' claims under the Eighth Amendment and the Americans with Disabilities Act but is otherwise DENIED. Watkins' disability discrimination claim under the Fair Housing Amendments Act and her retaliation claims under the Fair Housing Act and M.G.L. c. 186, § 18 will proceed.

SO ORDERED.

/s/ Julia E. Kobick<br>JULIA E. KOBICK<br>UNITED STATES DISTRICT JUDGE

Dated: September 4, 2025