UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IDA WATKINS,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE CHAU; CHRISTOPHER NORRIS; KEVIN COLLINS; TATIANA SANCHEZ; NOBLE WILLIAMS; SELENA MALDONADO; AKRA PAIN; SARAH SCOTT; FRANK DESOURCES; GERARD CODY; FLACKS DUNNY; JOHANNA G. FLACKS; and METRO HOUSING BOSTON,<br><br>    Defendants. | No. 1:24-cv-11328-JEK |

## MEMORANDUM AND ORDER ON THE MOTION
## TO DISMISS OF DEFENDANT JOHANNA FLACKS

**KOBICK, J.**

Plaintiff Ida Watkins, proceeding *pro se*, brought this action alleging that the defendants violated her rights under the Americans with Disabilities Act ("ADA") and other federal and state laws by discriminating against her based on her disability and retaliating against her for raising complaints about her living conditions. The complaint also alleges that the defendants violated her Eighth Amendment rights by acting with deliberate indifference to her serious medical needs. Defendant Johanna Flacks, an employee of the United States Department of Housing and Urban Development ("HUD"), has moved to dismiss the complaint for lack of subject matter jurisdiction, insufficient service, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), (5), and (6), respectively. Because Watkins fails to plausibly allege a claim against Flacks for a violation of the Eighth Amendment or of federal statutes pertaining to disability discrimination,

and because the Court lacks jurisdiction over Watkins' retaliation claim against Flacks due to sovereign immunity, the motion to dismiss will be granted.[1]

## BACKGROUND

The following facts, as alleged in the complaint, are presumed true for purposes of the motion to dismiss. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 919 F.3d 638, 642 (1st Cir. 2019).

In September 2023, Watkins moved to 13 Short Street in Randolph, Massachusetts on a "Section 8" voucher. ECF 1, at 1-2 & ¶ 23.[2] She soon noticed that the apartment allegedly lacked adequate heating, was infested with mice and various insects, and had defective hardwood floors and a ceiling leak. *Id.* ¶ 26. Watkins complained to the defendants, including her landlord, Stephanie Chau, Metro Housing Boston ("MHB"), and Flacks, about these poor living conditions. *Id.* ¶¶ 25, 27-28, 44-46. But the defendants have failed to remedy the situation. *Id.* ¶¶ 28-29, 46. In January 2024, Watkins also requested, based on her doctor's recommendation, that Chau install a shower bar because of Watkins' physical disabilities. *Id.* ¶¶ 30-31, 33-34. The shower bar was not installed in the apartment until late April 2024. *Id.* ¶ 1.

Watkins filed this action in May 2024. ECF 1. She claims that the defendants (1) acted with deliberate indifference to her serious medical needs, in violation of the Eighth Amendment, *id.* ¶¶ 48-58; (2) discriminated against her on the basis of her disability, *id.* ¶¶ 59-66; and

---

[1] Given that the complaint against Flacks will be dismissed under Federal Rules of Civil Procedure 12(b)(1) and (6), the Court does not reach her alternative argument for dismissal under Rule 12(b)(5) for insufficient service of process.

[2] Under the Section 8 Federal Housing Choice Voucher Program, the United States Department of Housing and Urban Development "provides housing assistance funding to state and local public housing authorities, which in turn administer the Program at the local level by making rent subsidy payments to landlords on behalf of participating tenants." *DeCambre v. Brookline Hous. Auth.*, 826 F.3d 1, 4 (1st Cir. 2016) (citing 24 C.F.R. § 982.1(a)(1)-(2)).

(3) retaliated against her for lodging complaints about her housing conditions and threatening to take legal action, *id.* at 11-12.[3] Flacks moved to dismiss the complaint for lack of subject matter jurisdiction, insufficient service, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), (5), and (6), respectively. ECF 40. Watkins opposed that motion. ECF 67.

## STANDARDS OF REVIEW

In evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quotation marks omitted). When ruling on such a motion, the Court must credit the "'plaintiff's well-pled factual allegations and dra[w] all reasonable inferences in the plaintiff's favor.'" *Andersen v. Vagaro, Inc.*, 57 F.4th 11, 13 (1st Cir. 2023) (quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)).

In assessing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[3] The complaint also alleges, in the introduction, that the defendants engaged in "negligence." ECF 1, ¶ 5. But it does not affirmatively assert, nor does Watkins argue that she is advancing, a negligence claim. *See* ECF 1, 67. In any event, the Court would lack subject matter jurisdiction over such a claim under the Federal Tort Claims Act ("FTCA") because Watkins fails to allege that she exhausted her administrative remedies with HUD before filing this lawsuit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); 28 U.S.C. § 2675(a). Counsel at HUD further represents that Watkins "has not filed a claim for injury or damages with HUD." ECF 42-1, ¶ 3; *see United States v. Millenium Lab'ys, Inc.*, 923 F.3d 240, 251 n.14 (1st Cir. 2019) (The court enjoys "broad authority to look outside the pleadings to determine its own jurisdiction." (quotation marks omitted)).

559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## DISCUSSION

I.  **Eighth Amendment Claim.**

Watkins first asserts that the defendants violated her Eighth Amendment rights by acting with "deliberate indifference to [her] serious medical needs." ECF 1, ¶¶ 48-58. She specifically alleges that Flacks, among others, failed "to report [her] complaints to the [B]oard of [H]ealth and to Metro Housing Boston in a timely manner." *Id.* ¶ 51. Because the defendants' actions allegedly caused her physical and emotional pain, Watkins requests $7 million in compensatory damages and $3 million in punitive damages. *Id.* at 12-13 & ¶ 58.

To sustain this claim for damages against a federal official like Flacks, Watkins must rely on the *Bivens* doctrine. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[4] This "doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008).[5] "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

---

[4] While Watkins contends that her Eighth Amendment claim is actionable under 42 U.S.C. § 1983, ECF 67, at 3, *Bivens* provides the "implied cause of action" here, as "the federal analog to § 1983 suits against state officials," *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011).

[5] The complaint alleges that all defendants "are being sued in their individual and official capacities." ECF 1, ¶ 21. This claim can only proceed against Flacks in her individual capacity.

Even if Watkins could assert a *Bivens* claim in this context,[6] she fails to state an Eighth Amendment claim against Flacks. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "That Clause 'has always been considered . . . to be directed at the method or kind of punishment' a government may 'impos[e] for the violation of criminal statutes.'" *City of Grants Pass v. Johnson*, 603 U.S. 520, 542 (2024) (quoting *Powell v. Texas*, 392 U.S. 514, 531-532 (1968) (plurality opinion)). It "focuses on the question what 'method or kind of punishment' a government may impose after a criminal conviction." *Id.* (quoting *Powell*, 392 U.S. at 531-32); *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("A sentenced inmate . . . may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."). The complaint does not allege that Watkins has been criminally convicted or incarcerated. Accordingly, she fails to plead a violation of the Eighth Amendment, and her claim against Flacks must be dismissed. *See Plustache v. Harrison*, No. 22-30110, 2023 WL 3197043, at *2 (5th Cir. May 2, 2023) (affirming dismissal of Eighth Amendment claim where plaintiff "does not allege that he had been convicted of a crime and thus subject to the Eighth Amendment's prohibition of cruel and unusual punishment"); *Peynado v. Ellis*, No. 11-cv-1103, 2012 WL 1004917, at *2 (M.D. Pa. Mar. 23, 2012) (dismissing constitutional claim because "[t]he Eighth Amendment protects convicted prisoners, not tenants" (citation omitted)).

---

[6] The Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Malesko*, 534 U.S. at 68). It has limited *Bivens* to "three situations," the closest of which involves a claim brought by "incarcerated person's estate . . . against a prison official under the Eighth Amendment for failure to provide medical care." *Hornof v. United States*, 107 F.4th 46, 64 (1st Cir. 2024) (citing *Carlson v. Green*, 446 U.S. 14 (1980)). The circumstances of this Eighth Amendment claim against Flacks are, of course, markedly different.

II. **ADA and Rehabilitation Act Claims.**

Watkins next asserts that the defendants violated the ADA by failing to timely provide her with a shower bar and other accessibility accommodations. ECF 1, ¶¶ 59-66. But "the ADA does not provide for suits against the federal government" or its officials. *Feliciano-Hill v. Principi*, 439 F.3d 18, 22 n.1 (1st Cir. 2006). Title II of the ADA prohibits disability discrimination only by instrumentalities of state and local governments. *See* 42 U.S.C. § 12131(1) (defining "public entity" to include "any State or local government" and "any department, agency, special purpose district or other instrumentality of a State or States or local government"). Because Flacks is an employee of HUD, ECF 1, ¶ 19, Watkins' ADA claim against her will be dismissed.

Although the complaint and Watkins' opposition refers only to the ADA, the Court assumes that "she intended to raise her disability-based clai[m] under the Rehabilitation Act," which "governs 'federal agencies.'" *Serrano-Colon v. U.S. Dep't of Homeland Sec.*, 121 F.4th 259, 274 n.20 (1st Cir. 2024) (quoting *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 19 (1st Cir. 2004)). Section 504 of the Rehabilitation Act provides, in pertinent part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). To make out a Rehabilitation Act claim, Watkins must allege "(1) that she is disabled; (2) that she sought services from a federally funded entity; (3) that she was 'otherwise qualified' to receive those services; and (4) that she was denied those services 'solely by reason of her . . . disability.'" *Lesley v. Hee Man Chie*, 250 F.3d 47, 53 (1st Cir. 2001) (quoting 29 U.S.C. § 794(a)).

Flacks does not dispute, at least for purposes of this motion, that Watkins is disabled. ECF 42, at 7. The complaint fails to allege, however, that Watkins sought services from Flacks or HUD, which is necessary to satisfy the other required elements. This claim mainly alleges that "Defendants Chau, Metro Housing Boston and [its] agents . . . discriminated against [Watkins] . . . by failing to provide [her] with a shower bar and other home repairs in a timely manner." ECF 1, ¶ 62. Conspicuously absent from this factual allegation is any reference to Flacks. True, Flacks was allegedly aware of Watkins' housing issues. *Id.* ¶¶ 36, 39, 44-46. But such awareness does not mean that Watkins asked for services from Flacks or HUD. Accordingly, Watkins also fails to state a Rehabilitation Act claim against Flacks.[7]

### III. Retaliation Claim.

Watkins further asserts that all defendants retaliated against her for threatening legal action after they failed to address her housing complaints. ECF 1, at 11-12. The only relief sought for this claim, however, appears to be an injunction targeted solely at defendants MHB and its director, Christopher Norris. *Id.* at 12 & ¶ 10. To the extent Watkins also raises the retaliation claim against

---

[7] For similar reasons, to the extent the complaint can also be read liberally to assert a claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), against Flacks, that claim fails. The FHAA provides, in relevant part, that it is unlawful "[t]o discriminate against any person . . . in the provision of services or facilities in connection with [a] dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(2)(A). Under the FHAA, "discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). "To prevail on such a reasonable accommodation claim, a plaintiff must show a qualifying handicap, the defendant's actual or constructive knowledge of that handicap, a request for a specific accommodation that is both reasonable and necessary to allow the handicapped individual an equal opportunity to use and enjoy the particular housing, and the defendant's refusal to make the requested accommodation." *Summers v. City of Fitchburg*, 940 F.3d 133, 139 (1st Cir. 2019). The complaint does not allege that Flacks refused any request from Watkins for a reasonable accommodation or otherwise discriminated against Watkins in the provision of services or facilities because of Watkins' disability.

Flacks, *see* ECF 67, at 3, and seeks monetary relief, *see* ECF 1, at 12-13 (requesting compensatory and punitive damages), sovereign immunity prevents the Court from exercising jurisdiction over this claim against Flacks.

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). It "shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 568 U.S. 6, 9-10 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). It also protects federal agencies and federal officers when sued in their official capacities. *McCloskey v. Mueller*, 446 F.3d 262, 272 (1st Cir. 2006).

Flacks is protected by sovereign immunity. The complaint refers to her as a HUD employee in the case caption and the section identifying the parties. ECF 1, at 1 & ¶ 19. In one of the few specific allegations about her, the complaint alleges that Watkins forwarded housing inspection reports to Flacks, who responded by email requesting any subsequent reports. *Id.* ¶¶ 44-45. While the complaint alleges that the defendants "are being sued in their individual and official capacities," it also states in the same sentence that all defendants "acted within the scope of their employment," *id.* ¶ 21, and elsewhere that they were "acting within the scope of their employment," *id.* ¶ 4. Beyond this reference to "individual capacit[y]," the complaint is devoid of any factual allegations suggesting that Flacks acted outside her role as a HUD employee. She is thus entitled to sovereign immunity. *See Menge v. N. Am. Specialty Ins. Co.*, 905 F. Supp. 2d 414, 417 (D.R.I. 2012) (HUD employees were protected by sovereign immunity where there were "no allegations that [they] acted in any way outside the scope of their employment").

Watkins, in response, fails to identify any federal statute that unequivocally expresses a waiver of sovereign immunity. The complaint alleges that her "right to pursue legal action without fear of retaliation is protected under . . . state and federal laws and regulations," such as "the Fair

8

Housing Act" ("FHA") and "state landlord-tenant laws." ECF 1, at 12.[8] But "[t]he United States has not waived its sovereign immunity from suits for money damages under the Fair Housing Act." *Kelly v. Wilson*, 426 F. App'x 629, 632 (10th Cir. 2011); *see Commissiong v. U.S. Dep't of Hous. & Urb. Dev.*, No. 21-556, 2022 WL 1715978, at *1 (2d Cir. May 27, 2022) (affirming dismissal of complaint against HUD where plaintiff "pointed to no evidence of a waiver of sovereign immunity from suits under the FHA, as it was her burden to do"); *Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urb. Dev.*, 59 F. Supp. 2d 310, 320 (D.P.R. 1999) (FHA "on which plaintiffs rely contains [no] explicit, independent waiver of sovereign immunity."). And state laws cannot waive the federal government's sovereign immunity—only Congress can. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990). Accordingly, Watkins' retaliation claim against Flacks is barred by sovereign immunity and must be dismissed.

## CONCLUSION

For the foregoing reasons, Flacks' motion to dismiss, ECF 40, is GRANTED.

SO ORDERED.

/s/ Julia E. Kobick<br>
JULIA E. KOBICK<br>
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2025

---

[8] In her opposition, Watkins also contends that the retaliation claim against Flacks is actionable under 42 U.S.C. § 1983. ECF 67, at 3. But "Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law." *Chatman v. Hernandez*, 805 F.2d 453, 455 (1st Cir. 1986) (per curiam) (citation omitted). Thus, "a section 1983 claim normally does not lie against a federal official" like Flacks. *Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev.*, 421 F.3d 1, 6 (1st Cir. 2005).