**UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS**

IDA WATKINS,

        Plaintiff,                        Civil Action No. 24-cv-11328

        v.

STEPHANIE CHAU, et al.,
        Defendants.

# PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST ATTORNEY JOHN J. LANG FOR FAILURE TO COMPLY WITH COURT ORDER

Plaintiff Ida Watkins, proceeding pro se, respectfully moves this Court for an Order holding Attorney John J. Lang in civil contempt and imposing sanctions for failure to comply with this Court's January 21, 2026 Electronic Order (ECF 108), pursuant to Fed. R. Civ. P. 37(b)(2), the Court's inherent authority, and applicable First Circuit precedent.

## I. INTRODUCTION

On January 21, 2026, this Court granted Plaintiff's Motion to Compel (ECF 103) and ordered Defendant Stephanie Chau to answer Plaintiff's interrogatories and respond to requests for production no later than February 20, 2026. The Court expressly warned that failure to comply may result in more severe sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

Despite the Court's clear directive and warning, Attorney John J. Lang has failed to comply with the Order. Co-counsel Sandonato fully complied and furnished discovery responses on February 18, 2026. Counsel Lang, however, has failed to do so, thereby obstructing Plaintiff's investigation and prejudicing her ability to prepare her case.

This failure constitutes willful noncompliance with a court order.

---

# II. LEGAL STANDARD

## A. Civil Contempt

A party may be held in civil contempt when:

1. A clear and unambiguous court order exists;
2. The alleged contemnor had knowledge of the order; and
3. The alleged contemnor disobeyed the order.

See **Project B.A.S.I.C. v. Kemp**;
see also **United States v. Saccoccia**.

The January 21, 2026 Order was clear, unambiguous, and entered on the docket. Counsel had notice and failed to comply.

---

## B. Rule 37(b)(2) Sanctions

Fed. R. Civ. P. 37(b)(2)(A) authorizes sanctions where a party fails to obey an order to provide discovery, including:

- Directing that matters be taken as established;
- Prohibiting the disobedient party from supporting or opposing claims;
- Striking pleadings;
- Staying proceedings;
- Dismissing the action or rendering default judgment;
- Treating the failure as contempt of court.

Rule 37(b)(2)(C) further provides that the Court **must** order the disobedient party or attorney to pay reasonable expenses, including attorney's fees, unless the failure was substantially justified.

See **Young v. Gordon** (affirming severe Rule 37 sanctions for noncompliance with discovery orders);
see also **Tower Ventures Inc. v. City of Westfield** (district courts possess broad authority to enforce compliance with scheduling and discovery orders).

---

# III. ARGUMENT

## A. The Court's Order Was Clear and Specific

The January 21, 2026 Order required Defendant Chau to respond by February 20, 2026 and warned of sanctions. There was no ambiguity.

## B. Counsel Had Notice

The Order was entered electronically via CM/ECF. Counsel of record, including Attorney Lang, received notice. Counsel Sandonato complied—confirming that compliance was both possible and feasible.

## C. Counsel Lang Failed to Comply

As of the filing of this motion:

- No full and complete responses have been provided by Attorney Lang;
- Plaintiff's investigation has been delayed;
- Discovery deadlines and litigation strategy have been impaired.

Failure to comply after a direct court warning demonstrates willfulness or reckless disregard. The First Circuit has held that repeated or willful noncompliance justifies escalating sanctions. See **Young v. Gordon**, supra.

---

# IV. PREJUDICE TO PLAINTIFF

Attorney Lang's failure has:

1. Delayed Plaintiff's ability to evaluate claims and defenses;
2. Impaired trial preparation;
3. Caused unnecessary litigation expense;
4. Interfered with Plaintiff's access to relevant documents and interrogatory responses.

Courts in this District routinely impose sanctions where noncompliance obstructs orderly litigation. See **Drouin v. Symetra Life Ins. Co.** (waiver and sanctions appropriate for discovery failures).

---

# V. REQUESTED SANCTIONS

Plaintiff respectfully requests that this Court:

1. Hold Attorney John J. Lang in civil contempt;
2. Order immediate full compliance within 7 days;
3. Deem any remaining objections waived;
4. Preclude Defendant from introducing evidence not produced;
5. Award monetary sanctions under Rule 37(b)(2)(C), including:
   ○ Costs associated with preparing this motion;
   ○ Copying, mailing, and litigation expenses;
   ○ Any additional expenses the Court deems appropriate;
6. Issue coercive per diem monetary sanctions until compliance occurs;
7. Refer counsel for disciplinary review if appropriate.

Courts have discretion to impose monetary sanctions payable directly to the opposing party to compensate for prejudice. See **Tower Ventures**, supra.

---

# VI. CONCLUSION

This Court's authority must be respected. Counsel was warned. Co-counsel complied. Attorney Lang did not. Continued disregard of a federal court order undermines judicial integrity and prejudices a pro se litigant.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion in full.

---

Respectfully submitted,

/s/ Ida Watkins
IDA WATKINS
13 Short Street
Randolph, Massachusetts 02368
Email: mizzlady1968@gmail.com
Mobile: (857) 427-0343

Dated: February 25, 2026.


Attorney John J. Lang

Phone: 781-595-3500

Fax: 781-595-8585

Email: jlang@jlangandassociates.com

Lang & Associates

220 Broadway

Suite 105

Lynnfield, MA 01940